# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 4, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ARGUS ENERGY, LLC,**
**Employer Below, Petitioner**

**vs.)    No. 14-0568** (BOR Appeal No. 2049126)
                      (Claim No. 2012008180)

**EDDIE GAUZE,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Argus Energy, LLC, by T. Jonathan Cook, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Eddie Gauze, by Lawrence B. Lowry, his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 29, 2014, in which the Board affirmed a January 8, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's February 13, 2013, and December 14, 2012, decisions which denied the addition of left L5-S1 herniated disc, lumbosacral radiculopathy, and lumbago to the claim and closed the claim for temporary total disability benefits. The Office of Judges authorized the conditions and granted temporary total disability benefits from January 25, 2012, through January 7, 2013, and further as substantiated by proper medical evidence. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Gauze, a coal miner, was injured in the course of his employment on September 2, 2011, while lifting a 150 pound cable. The claim was held compensable for thoracic and cervical strain. Argus Energy, LLC's, report of injury indicates Mr. Gauze injured his lower back and around his ribcage while hanging mining cable. The injury was listed as a sprain/strain. The

1

employee's and physician's report of injury listed the diagnoses as thoracic sprain and lumbosacral sprain. Mr. Gauze was treated immediately after his injury at Cabell Huntington Hospital where he reported an onset of lower back pain while lifting at work. He was diagnosed with thoracic and lumbosacral strains. A lumbar CT showed no acute abnormality but did reveal mild disc space narrowing at L5-S1. Mr. Gauze continued to follow-up for the injury with Cabell Huntington Hospital Urgent Care, where he was given medication and referred to physical therapy as well as neurosurgery.

An independent medical evaluation was conducted by Paul Bachwitt, M.D., on March 13, 2012. He diagnosed a thoracic sprain/strain and a lumbar sprain/strain and opined that the conditions were causally connected to the work-related injury. However, he found that the thoracic disc protrusions were the result of degenerative changes. He determined that Mr. Gauze had not reached maximum medical improvement and recommended a second neurosurgical opinion. Mr. Gauze then began treating with Anthony Alberico, M.D., in April of 2012. At that time, he reported that he got better for a short period of time and then began to worsen again. His symptoms had become lumbosacral in nature. A lumbar MRI revealed a small L5-S1 herniated disc, and Dr. Alberico recommended physical therapy. Mr. Gauze was to remain off of work. On July 30, 2012, Mr. Gauze reported that his pain continued on a daily basis and radiated into his left leg. He also had numbness on the left. He was diagnosed with lumbago and lumbar radiculopathy. Dr. Alberico stated that he had failed conservative treatment, so surgery was recommended. Mr. Gauze was excused from work from January of 2012 until surgery was approved and scheduled.

Dr. Alberico testified in a deposition on April 18, 2013, that he felt Mr. Gauze had failed conservative treatment so surgery was therefore necessary. He stated that his current diagnosis is left lower extremity radiculopathy consistent with a ruptured disc. He opined that the herniated disc would make it difficult for Mr. Gauze to perform his work duties. He stated that he could not speak to the cause of the herniated disc and that someone with a herniated disc would experience problems from the injuring event forward. Mr. Gauze then testified in a deposition that after he was injured, he experienced pain from his mid back to his buttocks. He was off of work for the injury until December of 2011. When he returned to work, he switched jobs and worked for a different employer, Consol Energy. While he was working for Consol Energy, he stated that he sustained no injuries and performed no physical labor. He was taken off of work again in January of 2012. He then underwent an authorized lumbar MRI. Prior to his work-related injury, he had no back injuries or problems.

The claims administrator closed the claim for temporary total disability benefits on December 14, 2012. On February 13, 2013, the claims administrator denied the addition of L5-S1 herniated disc, lumbosacral radiculopathy, and lumbago to the claim. The Office of Judges reversed the decisions in its January 8, 2014, Order. It found substantial evidence in the claim supporting a causal connection between Mr. Gauze's lumbar conditions and the compensable injury. Argus Energy, LLC's, first report of injury lists the injured body parts as the lower back and around the ribcage. The employee's and physician's report of injury lists the affected body parts as back/ribcage, and the physician's section lists the diagnoses as thoracic and lumbosacral sprains/strains. Multiple records from Cabell Huntington Hospital list the work-related injury as

2

a lower back injury and the diagnosis as lumbosacral sprain. Also, treatment notes from Brookview Physical Therapy indicate Mr. Gauze experienced pain in his lumbar spine. Finally, Dr. Bachwitt's independent medical evaluation noted that Mr. Gauze injured his mid and low back in the course of his employment. He stated that the accepted diagnosis codes were thoracic and lumbar sprain/strains. The Office of Judges also found that Mr. Gauze's pain diagram indicates the pain encompassed the left thoracic and lumbar areas. In addition to the medical evidence, the Office of Judges found that Mr. Gauze's credible testimony indicates that when he was injured, he felt an immediate onset of pain from his mid back to his buttocks. He admitted that upon returning to work, he was employed by a different company; however, the new employer implemented job modifications which permitted him to avoid physical labor, including lifting.

The Office of Judges found that nothing in the record indicates that Mr. Gauze's apparent progression of the lumbar spine component of the injury was the result of an independent intervening cause. The progression or exacerbation was determined to reasonably appear to be a normal consequence of the initial injury. The Office of Judges therefore held that the evidence establishes a credible, preponderant evidentiary foundation that Mr. Gauze's lumbar spine condition was the result of the compensable injury. Consequently, left L5-S1 herniated disc, lumbosacral radiculopathy, and lumbago were added to the claim.

The Office of Judges determined that Dr. Alberico opined that Mr. Gauze would have difficulty performing his work in the mines during the duration of his treatment for his lumbar spine conditions. It was concluded that Dr. Alberico's medical reports demonstrate that Mr. Gauze has been temporarily and totally disabled due to his lumbar spine conditions, from January 25, 2012, through January 7, 2013, and further as substantiated by proper medical evidence. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 29, 2014.

On appeal, Argus Energy, LLC, argues that if Mr. Gauze's herniated disc were the result of the compensable injury, he would have experienced an immediate onset of pain. It asserts that his back improved following the compensable injury, and he was able to return to work until he developed lower back pain several months later. Mr. Gauze argues that the report of injury listed the lower back as an affected area; subsequent medical records list lower back pain as a complaint; and though his initial treatment was for the thoracic spine, he did report lower back pain.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The medical evidence shows that Mr. Gauze reported a lower back injury the day the work-related injury occurred. Additionally, multiple treatment notes throughout the record consistently indicate that he had pain in his lumbar spine. He has met his burden of proof to establish that he sustained an injury to his lumbar spine in the course of his employment, and Argus Energy, LLC, has not introduced evidence sufficient to show otherwise.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

3

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   March 4, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4